IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JOHNATHAN D. WISHNESKI,

       Plaintiff,

v.                                                                                  No. CIV-08-0348 JH/WPL

DONA ANA COUNTY DETENTION CENTER AND
MEDICAL DEPARTMENT, ET AL.,

       Defendants.


MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to make an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint presents a number of allegations against the staff of the Dona Ana County, New Mexico, Detention Center ("DACDC"). The caption of the complaint names DACDC, its medical department, and Aramark Services as Defendants. A large number of individuals are partially identified at the beginning of the complaint, and the Court's docket lists twenty-three individual Defendants, including several Does.

Plaintiff's primary allegations are that he has been denied adequate medical treatment for serious health conditions, in violation of the Eighth and Fourteenth Amendments. He also makes claims for interference with incoming and outgoing mail, exorbitant pricing at the commissary and for telephone calls, denial of privacy in interview rooms, improper classification and grievance procedures, denial of reasonable bail and speedy trial, denial of access to the courts, discriminatory treatment as a detainee, violations of attorney-client privilege, excessive noise, unsanitary conditions, improper "shake down" policy, overcrowding, and denial of access to personal property. For relief, he asks that criminal charges against him be dismissed, and he seeks damages and equitable relief.

Plaintiff's request for an order dismissing the state criminal charges against him may only be granted in a habeas corpus proceeding. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Frey v. Adams County Ct. Svcs.*, 267 F. App'x 811, 813 (10th Cir. 2008). To the extent that

Plaintiff's § 1983 claims are made in support of this relief, his claims will be dismissed without prejudice to his rights under the habeas corpus statutes.

Plaintiff's § 1983 claims of excessive bail and denial of speedy trial are barred under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). As to the allegedly excessive bail, "[t]he court also should have dismissed the § 1983 excessive bail claim pursuant to *Heck*." *Pettit v. Whetsel*, No. 99-6107, 1999 WL 586998, at *2 (10th Cir. Aug. 5, 1999); *but see Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996) (noting that plaintiff who overturns conviction may then bring § 1983 action). The Court will dismiss these claims without prejudice.

No relief is available on Plaintiff's allegations that classification and grievance procedures are "incompetent" and "not 'working.' " First, Plaintiff has no due process rights to a particular classification. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Furthermore, a plaintiff's dissatisfaction with grievance procedures generally does not give rise to a constitutional claim. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (quotation omitted); *Murray v. Albany County Bd. of County Comm'rs*, No. 99-8025, 2000 WL 472842, at **2 (10th Cir. Apr. 20, 2000). The Court will dismiss these claims.

Plaintiff's allegation that he must pay a fee before accessing or shipping personal property does not support a § 1983 claim. "While an inmate's ownership of property is a protected property interest that may not be infringed without due process, there is a difference between the right to own property and the right to possess property while in prison." *Hatten v. White*, 275 F.3d 1208, 1210

3

(10th Cir. 2002), *quoted in Churn v. Ward*, 121 F. App'x 363, 363 (10th Cir. 2005). Furthermore, Plaintiff's allegation does not depict " 'the type of atypical, significant deprivation in which a state might conceivably create a liberty [or property] interest.' " *Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) (alteration in original) (quoting *Sandin v. Conner*, 515 U.S. 472, 486 (1995)). The *Sandin* rule also precludes Plaintiff's allegation that "shake downs" at the detention center are "totally unacceptable." These claims will be dismissed.

Certain Defendants also must be dismissed from the case. The DACDC and its medical department are not suable entities. *See White v. Utah*, No. 00-4109, 2001 WL 201980, at *1 (10th Cir. Mar. 1, 2001) (jail); *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (municipal police department). Plaintiff's allegations against these Defendants are construed as made against the County itself.

And last, the complaint contains no factual allegations made directly against any of the individual named Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a Defendant in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a state employee or official may not be based solely on a theory of respondeat superior liability for the actions of other workers or subordinates. *See id.* Plaintiff's Addendum of Defendants (Doc. 12) and Motion for Temporary Injunction (Doc. 17), however, contain allegations against Nancy Ontiveros and Ellen Orrwhitteman that appear to survive scrutiny under Fed. R. Civ. P. 12(b)(6). Ellen Orrwhitteman will be added to the docket as a Defendant, and Plaintiff's claims against all other individual named Defendants will be dismissed without prejudice.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28

U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee.  The Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate, and Plaintiff is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order;

IT IS FURTHER ORDERED that Plaintiff's claims for dismissal of state criminal charges are DISMISSED without prejudice to his rights under the habeas corpus statutes; his claims of excessive bail and denial of speedy trial are DISMISSED without prejudice; and his claims of improper classification and grievance procedures, "shake downs," and denial of access to personal property, are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Dona Ana County Detention Center and its Medical Department are construed as directed against Dona Ana County; Defendants Dona Ana County Detention Center and its Medical Department are DISMISSED as parties to this action; and the Clerk is directed to add Dona Ana County as a named Defendant and to issue summons, with a copy of the complaint, for Defendant Dona Ana County;

IT IS FURTHER ORDERED that Plaintiff's claims against the individual named Defendants except Nancy Ontiveros are DISMISSED without prejudice; the individual named Defendants except Nancy Ontiveros are DISMISSED from this action; and the Clerk is directed to add Ellen Orrwhitteman to the docket as a named Defendant;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Aramark Correctional Services, LLC, Nancy Ontiveros and

Ellen Orrwhitteman.

_____
UNITED STATES DISTRICT JUDGE