# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

      Plaintiff,

v.                                                                CV 08-0348 MCA/WPL

DOÑA ANA COUNTY ET AL.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before me on the following motions: one Defendant's motion to dismiss and motion to withdraw the motion to dismiss; three summary judgment motions by Plaintiff and a motion for extension of time to respond to one of those motions; certain Defendants' motion for more definite statement; and another Defendant's motion to dismiss or stay. As detailed below, I will recommend that the motion to withdraw the motion to dismiss be granted and that the remaining motions be denied. Furthermore, upon reviewing the allegations in the original complaint, it is apparent that several of them do not amount to claims upon which relief can be granted. I will therefore recommend that those claims be dismissed *sua sponte*.

### *Aramark's Motion to Dismiss*

Defendant Aramark Correctional Services, LLC, filed a motion to dismiss Plaintiff Wishneski's claims against it. (Doc. 82.) Because the motion was insufficient, I ordered Aramark to rebrief or withdraw it. (Doc. 83.) Aramark subsequently filed a motion to withdraw the motion to dismiss. (Doc. 90.) No one has objected to the motion to withdraw. I recommend that it be granted.

### *Wishneski's Motions for Summary Judgment*

Wishneski has filed motions for summary judgment against Defendants Ontiveros, Doña Ana County, and Aramark. (Doc. 111, 112, 115.) He asserts that he is entitled to summary judgment against Ontiveros and Doña Ana County because they have not filed answers. (Doc. 111, 112.) Despite their failure to file answers, Wishneski is not entitled to summary judgment because "[a]ny defendant may waive the right to reply to any action brought by a prisoner . . . ." 42 U.S.C. § 1997e(g)(1). This "waiver shall not constitute an admission of the allegations contained in the complaint [and] [n]o relief shall be granted to the plaintiff unless a reply has been filed." *Id.*

Aramark did file a timely answer. (*See* Doc. 34, 68.) Nevertheless, Wishneski apparently believes that he is entitled to summary judgment against Aramark because its answer did not provide an adequate response. (Doc. 115.) This is not a valid basis for summary judgment because Wishneski, as plaintiff, bears the burden of proof. Furthermore, an answer must only contain the defendant's denials and a statement of defenses "in short and plain terms." FED. R. CIV. P. 8(b)(1). To the extent Aramark's answer failed to deny all of the allegations in Wishneski's complaint, this failure does not amount to an admission. *See* 42 U.S.C. § 1997e(g)(1).

Accordingly, I recommend that Wishneski's motions for summary judgment be denied. Aramark has filed a motion for extension of time to respond to the summary judgment motion against it. (Doc. 126.) That motion should be denied as moot.

### *The County Defendants' Motion for More Definite Statement*

Wishneski's original complaint begins with numbered paragraphs that name the parties and introduce the issues in the case. (Doc. 1.) The complaint then incorporates a petition for writ of habeas corpus that Wishneski previously filed in state court. The habeas petition alleges deliberate indifference regarding the care Wishneski received at the Doña Ana County Detention Center for

2

certain medical conditions. Following the incorporated habeas petition, the complaint consists of day-by-day, diary-like entries that document the poor medical care that Wishneski claims he received. After the diary-like entries, the complaint returns to numbered paragraphs, each of which claims a different constitutional violation.

After initial review of the complaint, this Court dismissed some of Wishneski's claims. (Doc. 18.) I later filed my Proposed Findings and Recommended Disposition (PFRD) regarding several motions and other filings. (Doc. 64.) I recommended that Wishneski be allowed to supplement or amend his complaint with certain claims. The district judge entered a Memorandum Opinion and Order (MOO) in which she deemed the complaint amended or supplemented to include those claims as well as additional claims. (Doc. 81.)

A defendant may move for a more definite statement if the complaint "is so vague or ambiguous that [the defendant] cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The motion "must point out the defects complained of and the details desired." *Id.* Motions for more definite statement are not favored. *Resolution Trust Corp. v. Thomas*, 837 F. Supp. 354, 356 (D. Kan. 1993). Such a motion should not be granted unless "the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and literally cannot frame a responsive pleading." *Hubbs v. County of San Bernadino*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (internal quotation marks omitted).

Certain Defendants affiliated with the Detention Center (the County Defendants) have moved for a more definite statement. Their motion states, "[B]ecause many of Plaintiff's claims have been dismissed from the original Complaint and the Complaint is now amended to include several new claims and defendants, County Defendants respectfully request . . . that Plaintiff be ordered to file a Second Amended Complaint in which all claims against all parties are asserted such

3

that County Defendants can frame a single responsive pleading." (Doc. 106 at 3.) This is not a sufficient basis for requiring Wishneski to replead. With the exception of their argument regarding Defendants Hernandez and Rosales, discussed below, the County Defendants have not "point[ed] out the defects complained of and the details desired." FED. R. CIV. P. 12(e).

Certainly, the job of responding to Wishneski's many claims is not as neat or simple as it would be if all of the claims were stated within one document. But as Wishneski argues in opposition to the motion for more definite statement, "If the Court can sift through some of the monotonous paperwork filed in this case [there is] no reason why Defense counsel can't." (Doc. 110 at 2.) I further note that both the PFRD and the MOO explain which new claims are being asserted and against which Defendants. The PFRD and the MOO also refer to the documents filed by Wishneski in which the claims are asserted. Thus, although the new claims are scattered among various documents, if Defendants will read the PFRD and the MOO, they will have clear guidance regarding the nature of the new claims.

Moreover, Wishneski is imprisoned, indigent, and proceeding pro se. Given his lack of legal training, very little, if anything, would be gained by requiring him to use his limited resources to recraft the complaint. *See Bannister v. Coronado Fin., Inc.*, No. CIV 07-620, 2008 WL 2323518, at *9 (D.N.M. Jan. 17, 2008) ("Because Ms. Bradley has not identified anything specific that she cannot discern from his Complaint, and because he is proceeding pro se, the Court does not believe that ordering him to file a more definite statement of his claims would be helpful to her.").

In further support of their motion for more definite statement, the County Defendants argue that Defendants Hernandez and Rosales cannot enter an appearance because several people who work at the Detention Center have these names. On the same day that the motion was filed, Wishneski advised the Court of Defendant Hernandez's first name, Daniel. (Doc. 107.) Less than

4

one week later, an appearance was entered on his behalf. (Doc. 109.) As for Defendant Rosales, Wishneski has identified him as "doctor Jose Rosales" (Doc. 37 at 6) or "P.A. Jose Rosales" (Doc. 75 at 28) and has alleged that his procrastination prevented Wishneski from getting timely urological care during a specified period of time. The notice and waiver of service form that the Clerk of Court sent to "Jose Rosales" at the Detention Center was returned as undeliverable with the notation, "Person no longer at this address." (Doc. 88.) Wishneski is entitled to limited discovery to enable the Court to effect service on Rosales. A separate order allowing this discovery will issue concurrently with this PFRD.

*Karp's Motion to Dismiss or Stay*

Defendant Robert L. Karp has filed a motion for dismissal without prejudice or alternatively for a stay. (Doc. 117.) He contends that he is a qualified healthcare provider under the New Mexico Medical Malpractice Act, which provides that "[n]o malpractice action may be filed in any court against a qualifying health care provider" before the claim has been considered by the state Medical Review Commission. N.M. STAT. ANN. § 41-5-15(A). This Court has held that an inmate civil rights suit is not a "malpractice claim" within the meaning of the Act. *Cordray v. County of Lincoln*, 320 F. Supp. 2d 1171, 1173-74 (D.N.M. 2004). Wishneski's claim against Karp is for deliberate indifference. (Doc. 81 at 12.) Following *Cordray*, this claim does not fall within the ambit of the Act. Therefore, I recommend that the motion to dismiss or stay be denied.

If the claim against him is neither dismissed nor stayed, Karp requests that Wishneski be required to provide a more definite statement of his claim against him. Karp also joins in the motion for more definite statement filed by the County Defendants. (Doc. 119.) The facts underlying Wishneski's claim against Karp are set forth in a motion filed by Wishneski. (*See* Doc. 51.)

5

Moreover, in my previous PFRD, I described the allegations against Karp that appear sufficient to state a claim for deliberate indifference. (Doc. 64 at 11-12.) No further detail is necessary.

### *Dismissal of Certain Claims*

Some of the numbered paragraphs of the original complaint contain claims that the Court has already dismissed. These paragraphs are: paragraphs fifteen and sixteen, regarding excessive bail and denial of a speedy trial; paragraph twenty, regarding ineffectual grievance procedures; paragraph twenty-nine, regarding the shakedown policy; and paragraph thirty-two, regarding paying a fee to access personal property. (*See* Doc. 18.)

In addition to these claims, several other claims should be dismissed. A claim may be dismissed if it is not one upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). A claim must be "plausible on its face" to avoid dismissal. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In other words, the claim "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (2008) (internal quotation marks omitted). In considering whether any of Wishneski's claims should be dismissed, I must construe his complaint liberally and accept all of his factual allegations as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

Paragraph seventeen of the original complaint asserts a claim for denial of access to the courts. Wishneski contends that he was entitled to legal materials and notary and copying services so that he could pursue civil actions and habeas relief and assist in his criminal defense. Although this claim has not been formally dismissed, I noted in my earlier PFRD that "Wishneski has failed to state a claim for denial of access to the courts." (Doc. 64 at 8.) Wishneski fails to allege any prejudice in his civil actions or habeas proceedings that would qualify as "actual injury" under *Lewis*

*v. Casey*, 518 U.S. 343, 349 (1996).  Moreover, he was appointed counsel to represent him in his criminal case, obviating his entitlement to legal materials.  (*See* Doc. 64 at 8-9 & n.7.)  I therefore recommend dismissal of the claim for denial of access to the courts.

Paragraphs eleven and twenty-two allege that the prices charged at the Detention Center commissary and for use of the telephones constitute price gouging.  Wishneski has no constitutionally protected right to purchase items as cheaply as possible at the prison commissary. *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("[T]here is no constitutional right to purchase food from the canteen."); *Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."); *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980) ("[T]here is simply no legal basis for a demand that inmates be offered items for purchase at or near cost."); *see also McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (rejecting argument that price of stamps was outrageous and unfair).  Nor does he have a right to a specific phone rate.  *See Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000); *Harrison v. Fed. Bureau of Prisons*, 464 F. Supp. 2d 552, 555-56 & n.2 (E.D. Va. 2006).  Accordingly, I recommend that these claims be dismissed.

Paragraph twenty-three asserts a claim for denial of adequate dental care.  In this paragraph, Wishneski alleges that the Detention Center does not offer prophylactic dental care, such as check-ups and cleaning.  He further alleges that the only treatment offered for a cavity is to have the tooth pulled.  In a document filed on October 9, 2008, Wishneski stated that he saw a dentist on September 25, 2008 for the first time in the eighteen months that he had been incarcerated at the Detention Center.  The dentist found a cavity.  (Doc. 63 at 5.)  Although Wishneski again claimed that his only treatment option was to have the tooth pulled, there is nothing to indicate that the tooth has been pulled.  In a document filed on October 22, 2008, Wishneski stated that he had been

sentenced and he therefore anticipated being transferred to a state prison within a couple of weeks. (Doc. 70.) On November 12, 2008, Wishneski notified the Court of his new address at a state prison. (Doc. 77.)

Wishneski does not have a constitutional right to prophylactic care. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002); *McCoy v. Willis*, No. 4:07-cv-3563, 2008 WL 4221745, at *4 (D.S.C. Sept. 15, 2008); *Rial v. McGinnis*, 756 F. Supp. 1070, 1073 (N.D. Ill. 1991); *Dean v. Coughlin*, 623 F. Supp. 392, 404 (S.D.N.Y. 1985). The Tenth Circuit has stated in an unpublished decision that an "extraction-only" policy arguably violates the Eighth Amendment. *Stack v. McCotter*, 79 F. App'x 383, 386, 388 (10th Cir. 2003). However, neither Wishneski's complaint nor his subsequent filings indicate that he was harmed by the Detention Center's alleged policy of treating cavities by extraction only. The record does not reflect that Wishneski had any teeth pulled as a result of the policy or that he was otherwise adversely affected by it. *See Swoboda v. Dubach*, 992 F.2d 286, 289-90 (10th Cir. 1993) (holding that general observations or complaints on behalf of other prisoners, without specific facts showing how jail conditions caused the plaintiff injury, are insufficient to state a claim for relief); *see also Lewis*, 518 U.S. at 350 (explaining that a healthy inmate who suffered no deprivation of needed treatment does not have standing to sue for inadequate medical facilities). Therefore, I recommend that Wishneski's claim for denial of adequate dental care be dismissed.

Paragraph twenty-seven alleges that showers throughout the Detention Center have "a black mold" and that "[m]old has already been found harmful to humans." (Doc. 1 at F-19.) This paragraph does not state a claim for relief because it does not allege that Wishenski was harmed by the mold. *See Swoboda*, 992 F.2d at 289-90; *see also Causey v. Allison*, No. 1:08CV155, 2008 WL 4191746, at *1-2 (S.D. Miss. Sept. 9, 2008) (holding that prisoner failed to state a claim based on

black mold in the shower because he admitted that he had no medical problems resulting from the mold); *McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *3 (W.D. Mich. Sept. 10, 2007) (holding that prisoner failed to state a claim based on black mold in a closet where he worked because he did not allege the level of his exposure or that he suffered any injury other than a perceived risk of future medical problems).

Paragraph twenty-eight alleges that the food at the Detention Center "is not even edible and has caused numerous cases of food poisoning." (Doc. 1 at F-19.) This paragraph further maintains that there is no variety in the food because it is on a "2-3 week rotation." (*Id.*) A detention facility must generally provide inmates with nutritionally adequate food. *Thompson*, 289 F.3d at 1222. But occasionally serving food that does not meet this standard is not a constitutional violation. *See Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (referring to food that occasionally contains foreign objects). Accepting as true Wishneski's allegation that the food is only rotated every two or three weeks, this does not demonstrate that the food is nutritionally inadequate. Also accepting as true that some inmates experienced food poisoning, Wishneski does not allege that the food ever caused him food poisoning. And he is in no danger of being poisoned in the future because he is no longer incarcerated at the Detention Center. *See, e.g., Miles v. Konvalenka*, 791 F. Supp. 212, 214 (N.D. Ill. 1992) (holding that plaintiff failed to establish a constitutional violation based on a mouse in another inmate's food because plaintiff did not become sick as a result). I therefore conclude that this paragraph does not state a claim and should be dismissed.

Paragraph thirty alleges that detainees are issued cups and spoons at the beginning of their incarceration, but they are "given no way to disinfect" them and there is no sanitary place to store them. (Doc. 1 at F-20). Wishneski claims that he had to use the same cup and spoon for a year. Again, Wishneski has not alleged that he was injured by the allegedly unsanitary utensils and he is

9

no longer in danger of being injured by them. Accordingly, I recommend that this claim be dismissed. *See Swoboda*, 992 F.2d at 289-90.

Paragraph thirty-one alleges that overcrowding at the Detention Center is "way out of line." (Doc. 1 at F-20.) Inmates sleep in the day rooms on portable bunks for months at a time and "the booking receiving area is out of control." (*Id.*) Six-to-eight inmates must sleep in a two-person cell for up to six days. Wishneski alleges, "I myself spent 5 days in a two man cell with six people." (*Id.*) Overcrowding alone is not sufficiently serious to establish a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981). A prisoner must allege more than mere discomfort that poses no risk to health or safety. *See id.* at 348. Wishneski has not alleged that he suffered any cognizable harm from the overcrowding. Spending five days in a two-man cell with six people does not rise to the level of a constitutional violation. Therefore, this claim should be dismissed. *See, e.g., id.* at 348-49 (holding that "double-celling" does not necessarily violate the Eighth Amendment); *Dittmeyer v. Whetsel*, 91 F. App'x 111, 119 (10th Cir. 2004) (upholding summary judgment against prisoner who did not show how overcrowding injured him); *Stevenson v. Whetsel*, 52 F. App'x 444, 446 (10th Cir. 2002) (holding that placing three prisoners in a cell designed for two did not violate the Constitution).

## *Conclusion*

For the reasons stated above, I recommend that:

1) Aramark's motion to withdraw its motion to dismiss (Doc. 90) be granted;

2) Wishneski's motions for summary judgment (Doc. 111, 112, 115) be denied;

3) Aramark's motion for extension of time (Doc. 126) be denied as moot;

4) the County Defendants' motion for more definite statement (Doc. 106) be denied;

5) Karp's motion to dismiss or stay (Doc. 117) be denied; and

6) the claims stated in paragraphs eleven, seventeen, twenty-two, twenty-three, twenty-seven, twenty-eight, thirty, and thirty-one of Wishneski's original complaint be dismissed with prejudice.

**THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

*William P. Lynch*
_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE