IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHNATHAN D. WISHNESKI**,

    Plaintiff,

vs.                                        No. 08cv348 MCA/WPL

**DOÑA ANA COUNTY ET AL.**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the magistrate judge's second Proposed Findings and Recommended Disposition (PFRD), filed on February 19, 2009, Plaintiff Johnathan D. Wishneski's objections to the second PFRD, and fourteen motions filed after the second PFRD was entered.

## I. BACKGROUND

In a previous Memorandum Opinion and Order, the Court adopted the magistrate judge's first PFRD, denied a motion to dismiss or stay, and denied in whole or in part eleven motions filed by Wishneski. (Doc. 81.) The Court also directed the Clerk of Court to reinstate certain defendants and add other defendants. Finally, the Court deemed Wishneski's complaint to be amended or supplemented to include several claims. (*Id.*) The parties subsequently filed eight additional motions, which the magistrate judge addressed in his second PFRD. (Doc. 130.) The magistrate judge also recommended, *sua sponte*, that several of the claims in Wishneski's original complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted. (*Id.*) One of the defendants subsequently filed a motion to correct his name on the docket (Doc. 143) and

Wishneski filed objections to the second PFRD (Doc. 152), along with motions for decrees pro confesso against thirteen of the defendants (Doc. 136, 138-40, 154-62).

## II. DISCUSSION

Wishneski alleges that the Doña Ana County Detention Center does not offer prophylactic dental care, such as check-ups and cleaning, and that the only treatment offered for a cavity is to have the tooth extracted. The magistrate judge recommended that Wishneski's claim for denial of adequate dental care be dismissed because he does not have a right to prophylactic care and he failed to show that he had been injured by the extraction-only policy.

In his objections, Wishneski contends that the magistrate judge failed to take his "pain and suffering" into consideration. (Doc. 152 at 5.) He claims that he "was left to suffer with a toothache for more than 6 months needing a filling" because he would not agree to have the tooth pulled and opted instead to wait until he was transferred to state prison to have the cavity filled. (*Id.* at 4, 8.) Wishneski's original complaint did not state that he had a cavity. (*See* Doc. 1 at F-16 to F-17.) In a subsequent document, Wishneski stated that he had a cavity, but did not state that it had caused him any pain. (*See* Doc. 63 at 5.) Wishneski has not pointed to any document in which he previously alleged that he suffered pain as a result of the Detention Center's dental policies. The magistrate judge cannot be criticized for failing to infer this allegation. However, because Wishneski now alleges that the cavity caused him pain, the Court will not adopt the magistrate judge's recommendation to dismiss the claim for denial of adequate dental care. Wishneski may proceed with this claim solely to challenge the alleged extraction-only policy, and not to challenge the denial of prophylactic care. (*See* Doc. 130 at 8 (citing cases regarding extraction-only policies and denial of prophylactic care).)

Wishneski also objects to the magistrate judge's recommendation to dismiss his claim for denial of access to the courts. The magistrate judge stated that Wishneski had not alleged any prejudice that would qualify as an "actual injury" under *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Noting that several of his claims in this suit have been dismissed, Wishneski contends that the claims would not have been dismissed if he had been provided with legal assistance.

Most of the dismissed claims were dismissed because they were not cognizable legal claims. (*See, e.g.,* Doc. 18 at 2-4.) No legal assistance could have made these claims viable. For example, regardless of how a complaint is drafted, a prisoner does not have a right to prophylactic dental care.

Some of the claims were dismissed or recommended for dismissal because of Wishneski's failure to plead all the requisite elements. (*See, e.g.,* Doc. 18 at 3-4, Doc. 64 at 10-11.) For each of these claims, Wishneski was advised of the particular deficiency. Wishneski subsequently corrected the deficiencies regarding some of these claims, and the Court then allowed the claims to proceed. (*See, e.g.,* Doc. 81 at 6, 11-12.) A good example of this is the discussion above regarding the extraction-only policy.

Wishneski has not shown an actual injury. Therefore, his claim for denial of access to the courts will be dismissed.

Wishneski filed motions for summary judgment against Defendants Ontiveros and Doña Ana County because they failed to file answers to his complaint. (Doc. 111, 112.)[1] In recommending that these motions be denied, the magistrate judge cited 42 U.S.C. § 1997e(g)(1). That statute allows a defendant to "waive the right to reply to any action brought by a prisoner," provides that "such waiver shall not constitute an admission of the allegations contained in the complaint," and

---

[1] Wishneski also filed a motion for summary judgment against Defendant Aramark. (Doc. 115.) The magistrate judge recommended that it be denied, and Wishneski has not objected to this recommendation.

states that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). The following subsection provides that "[t]he court may require any defendant to reply to a complaint . . . ." *Id.* § 1997e(g)(2).

In his objections to the PFRD, Wishneski argues that this statute does not apply unless the defendants have filed a formal waiver with the Court. The statute does not expressly require a formal waiver, and I have not found any case that reads such a requirement into the statute. Case law suggests the opposite. Citing § 1997e(g), the Supreme Court has stated that "defendants do not have to respond to a complaint . . . until required to do so by the court." *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). Although there are few circuit court cases addressing this section, district court cases indicate that no formal waiver is required. *See, e.g., Stevenson v. MDOC*, No. 1:07-CV-213, 2007 WL 1202310, at *1 (W.D. Mich. April 23, 2007) ("Section 1997e(g) bars plaintiff from obtaining an entry of default or a default judgment against any of the defendants, because defendants have no obligation to reply to the complaint until ordered by the court.").

In keeping with its usual practice regarding prisoner suits, this Court instructed the Clerk to send the summons and complaint to Doña Ana County and to send notice and waiver of service forms to the remaining defendants. (Doc. 18, 81.) The Court did not order any defendant to answer the complaint. Accordingly, the magistrate judge properly relied on 42 U.S.C. § 1997e(g)(1) to recommend denial of Wishneski's motions for summary judgment against Ontiveros and Doña Ana County.

Wishneski has now moved for decrees pro confesso against Ontiveros, Doña Ana County, and Aramark, as well as against Defendants Romero, De la Torre, Devilbliss, Gamez, Giron, Infante, Porter, Ramos, and Reyes. Like the summary judgment motions, these motions complain about the defendants' failure to file timely answers. As Wishneski acknowledges, the motions for decrees pro

4

Case 2:08-cv-00348-MCA-WPL   Document 183   Filed 05/07/09   Page 5 of 10

confesso are essentially motions for default judgments. The motions must be denied for several reasons.

Wishneski has not complied with the procedure for obtaining a default judgment. A party seeking a default judgment must follow a two-step process. First, the party must obtain the clerk's entry of default by showing that the defaulting party has failed to plead or defend. FED. R. CIV. P. 55(a). Second, the party must seek a default judgment from either the clerk or the court. *See* FED. R. CIV. P. 55(b). "[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *see also Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (noting that a clerk's entry of default under Rule 55(a) is a prerequisite for the grant of a default judgment under Rule 55(b)(1)). Wishneski has not obtained the clerk's entry of default.

More importantly, default judgments are disfavored. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990). Considering the procedural history of this case in light of the Federal Rules of Civil Procedure, default judgments would be inappropriate.

If a defendant agrees to waive service, answers must generally be filed within sixty days after the request for the waiver of service was sent. FED. R. CIV. P. 12(a)(1)(A)(ii). Alternatively, a defendant may file a motion for more definite statement before filing an answer. *See* FED. R. CIV. P. 12(e). If the defendant files a motion for more definite statement, the due date for the answer depends on whether the Court grants or denies the motion. If the Court grants the motion, the answer is due within ten days after service of the more definite statement. FED. R. CIV. P. 12(a)(4)(B). If the Court denies the motion, the answer is due within ten days after notice of the Court's action. FED. R. CIV. P. 12(a)(4)(A).

Defendants Romero, De la Torre, Devilbliss, Gamez, Giron, Infante, Porter, Ramos, and Reyes waived service. (Doc. 91-99.) The clerk mailed the waiver requests on December 8, 2008. Therefore, pursuant to Rule 12, the answers would have been due on or about February 6, 2009 (sixty days after December 8, 2008).[2] On January 14, 2009, these defendants filed a motion for more definite statement. (Doc. 106.) In his second PFRD, filed on February 19, 2009, the magistrate judge recommended that the motion be denied. (Doc. 130.) Because the Court has not yet acted on this recommendation, the due date for the answers has not passed. *See* FED. R. CIV. P. 12(a)(4)(A). Nevertheless, the defendants filed a joint answer on February 27, 2009, in lieu of objecting to the magistrate judge's recommendation. (Doc. 141.) There is no basis for a default judgment against these defendants.

On July 31, 2008, the clerk mailed the summons and complaint to Doña Ana County and mailed a request for waiver of service to Ontiveros. Doña Ana County entered an appearance within eight days, and Ontiveros entered an appearance five days later. (Doc. 22, 25.) Doña Ana County and Ontiveros joined in the motion for more definite statement filed on January 14, 2009 and in the answer filed on February 27, 2009. (106, 141). The answer was not timely as to these defendants. *See* FED. R. CIV. P. 12(a)(1)(A).[3] However, they actively participated in the case from the time they entered their appearances to the date that the answer was filed. (*See, e.g.,* Doc. 29, 40, 49.)

---

[2] The docket entries for the waivers state that one defendant's answer was due on February 10, 2009 and the others were due on February 17, 2009. These due dates were apparently calculated from the date the waivers were signed by the defendants. Rule 12 provides that if a defendant waives service, the answer is due "within 60 days after the request for a waiver was sent . . . ." FED. R. CIV. P. 12(a)(1)(A)(ii). Consequently, the docket notations are wrong.

[3] When service is not waived, the answer is generally due within twenty days after service of the summons and complaint. *See* FED. R. CIV. P. 12(a)(1)(A)(i). The record does not reflect when Doña Ana County was served, but it must have been sometime between July 31, 2008 and August 8, 2008.

Defendant Aramark waived service. (Doc. 34.) The clerk mailed the waiver request on July 31, 2008. Therefore, pursuant to Rule 12, Aramark's answer would have been due on or about September 29, 2008. Aramark filed an entry of appearance on August 27, 2008, but did not file its answer until October 17, 2008.[4] (Doc. 35, 68.) Aramark also filed a motion to dismiss on December 12, 2008. (Doc. 82.)

Although Doña Ana County, Ontiveros, and Aramark did not file timely answers pursuant to Rule 12, they entered appearances and participated in the case. Aramark filed an answer approximately three months before Wishneski filed his summary judgment motion and approximately four months before he filed his motion for decree pro confesso against Aramark. Doña Ana County and Ontiveros did not file their answer until after the motions for summary judgment and decrees pro confesso were filed, but their motion for more definite statement, which tolled the time for filing an answer, was filed approximately one month before Wishneski's motions for decrees pro confesso. Moreover, Wishneski has not shown that he was prejudiced by the late answers. The late answers have not delayed the resolution of the case. The factual development of this case has been delayed primarily because the Court has allowed Wishneski to amend his complaint and add parties. Under these circumstances, it would be inappropriate to enter default judgments. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002) (upholding denial of default judgment where defendant did not file an answer, but participated in removal, entered an appearance before the motion for default judgment was filed, and filed a

---

[4] The magistrate judge stated that Aramark's answer was timely. This statement was based on the docket notation for Aramark's waiver, which states that its answer was due on October 27, 2008. (Doc. 34.) This date was calculated from the date that Aramark agreed to waive service. (*Id.*) As such, it was wrong. *See* FED. R. CIV. P. 12(a)(1)(A)(ii).

motion to dismiss shortly after the deadline for responsive pleadings, and plaintiff did not show that he was prejudiced by defendant's failure to file an answer).

Even if Wishneski had complied with Rule 55 and the defendants had not answered or otherwise appeared, Wishneski would not be entitled to default judgments for the same reason that he was not entitled to the summary judgments he requested.  Under 42 U.S.C. § 1997e(g), "defendants do not have to respond to a complaint . . . until required to do so by the court." *Jones*, 549 U.S. at 213-14.  No relief shall be granted to the plaintiff unless an answer has been filed. 42 U.S.C. § 1997e(g)(1).  Unlike in other civil cases, the failure to answer does not constitute an admission of the complaint's allegations.  *Id.*; *Jones*, 549 U.S. at 213; *cf.* FED. R. CIV. P. 8(b)(6) (providing that non-damages allegations are admitted if they are not denied and "if a responsive pleading is required").

Wishneski also seeks a decree pro confesso, or default judgment, against Defendant Olona, but on a different ground.  (Doc. 138.)  Olona is a nurse at the Doña Ana County Detention Center.  (Doc. 29 Ex. T.)  She treated Wishneski during his incarceration at the Detention Center.  An affidavit by Olona was included in the *Martinez* report filed by Doña Ana County and Ontiveros in response to Wishneski's motion for a temporary injunction.  (*Id.*)  Wishneski asserts that the affidavit deliberately misled the Court to believe that Olona was not engaged "in a personal relationship" with Wishneski and falsely suggested that there was no "interest on her behalf" towards Wishneski. (Doc. 138 at 2.)  Wishneski claims that he has Olona's phone number and that this shows that there was a consensual personal relationship between the two.  Wishneski accuses Olona of perjury and contends that her affidavit was submitted in bad faith, thus violating Federal Rule of Civil Procedure 56(g).  In addition to a default judgment, he requests sanctions against Olona.

If a party submits an affidavit in bad faith in conjunction with a summary judgment motion, Rule 56(g) allows a court to hold that party in contempt and order the party to pay the other party's resulting expenses, including attorney's fees. The rule provides no basis for a default judgment. Nor does the rule provide a basis for sanctions for an affidavit submitted in response to a motion for a temporary injunction.

The Court has reviewed Olona's affidavit. It states that Wishneski gave Olona a love letter on May 10, 2008, and that he was disciplined for this and other infractions. (Doc. 29 Ex. T ¶ 15.) To the Court's knowledge, Wishneski has never disputed either of these facts. The affidavit provides no other information regarding any personal relationship that may or may not have existed between Wishneski and Olona. The *Martinez* report also included a copy of a letter purportedly written by Olona to Detention Center officials on May 10, 2008. (*Id.* Ex. U.) Although this letter indicates that Olona maintained a professional relationship with Wishneski, the letter was not incorporated within, or even referenced by, the affidavit.

The Court has also reviewed its prior Memorandum Opinion and Order and the magistrate judge's first PFRD. Although the PFRD suggests that there was a causal connection between the love letter incident and modifications to Wishneski's physical therapy routine, the nature of the relationship between Wishneski and Olona was not material to any ruling by the Court or recommendation by the magistrate judge.

For all these reasons, there is no basis for a default judgment or sanctions against Olona.

The defendant referred to as "Dr. Giardo" has filed a motion to change his name on the docket. (Doc. 143.) He notes that Wishneski sent the Court a letter in which he attempted to correct this defendant's name to "Dr. Benito Gallardo." (Doc. 107.) The defendant has also filed an answer

9

under the name "Dr. Gallardo." (Doc. 123.) Wishneski has not objected to the motion to change the defendant's name. Accordingly, the motion will be granted.

### III. CONCLUSION

Except to the extent noted above, the magistrate judge's second PFRD (Doc. 130) is adopted as an order of the Court. For the reasons explained herein and in the PFRD, **IT IS ORDERED** that:

1) Aramark's motion to withdraw (Doc. 90) its motion to dismiss (Doc. 82) is granted;

2) Wishneski's motions for summary judgment (Doc. 111, 112, 115) are denied;

3) Aramark's motion for extension of time (Doc. 126) is denied as moot;

4) the County Defendants' motion for more definite statement (Doc. 106) is denied;

5) Karp's motion to dismiss or stay (Doc. 117) is denied;

6) the claims stated in paragraphs eleven, seventeen, twenty-two, twenty-seven, twenty-eight, thirty, and thirty-one of Wishneski's original complaint are dismissed with prejudice;

7) Wishneski's motions for decrees pro confesso (Doc. 136, 138-40, 154-62) are denied; and

8) the motion to change a defendant's name from Dr. Giardo to Dr. Benito Gallardo (Doc. 143) is granted, and the Clerk is instructed to make this correction on the docket of this case.

SO ORDERED this 7th day of May, 2009.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE