# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

    Plaintiff,

v.                                                  CV 08-0348 MCA/WPL

DOÑA ANA COUNTY ET AL.,

    Defendants.

## ORDER REFERRING CASE TO
## PRO BONO COMMITTEE

    Johnathan D. Wishneski filed a motion to appoint counsel, which I denied (Docs. 259, 270.) I denied the motion based on Wishneski's apparent ability to cogently present his case to the court, evidenced by his prolific submissions to this court. Exercising my authority under Federal Rule of Civil Procedure 54(b), I will reconsider my order (Doc. 270) and refer this case to the pro bono selection committee.

    Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 18.) Under § 1915(e)(1), this Court "may request an attorney to represent any person unable to afford counsel." While petitioners in civil cases have no constitutional right to counsel, the court may appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also Avery v. Anderson*, 94 F. App'x 735, 739 (10th Cir. 2004) (citing *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)). In deciding whether to appoint counsel, the following factors should be considered: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996

(10th Cir. 1991)).  An additional factor to consider is "the restraints placed upon [a plaintiff] by [his] confinement . . . ."  *Tabron v. Grace*, 6 F.3d 147, 156 (10th Cir. 1993).

This case has advanced to the discovery stage.  (*See* Doc. 269.)  While Wishneski has been able to present his four remaining claims adequately to this point, his incarcerated status will render it difficult to conduct discovery in order to further present his claims.  This Court has a pro bono selection committee that can ascertain whether an attorney would be willing to accept the case without charge.  *See* District of New Mexico, *Guide for* Pro Se *Litigants*, at 9-10 (February 2008).  I find it appropriate at this point to refer the case to the committee.

Because Wishneski is likely unfamiliar with the process by which pro bono counsel is appointed, I advise him that this order does not guarantee that an attorney will appear on his behalf.  This matter will be referred under the Court's Pro Bono Plan for consideration of possible appointment.  If an attorney on the pro bono panel agrees to represent Wishneski, an order of appointment will be issued.  If no attorney volunteers to represent Wishneski, an order will be issued notifying him that he will proceed *pro se*.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.