**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHNATHAN D. WISHNESKI,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　CV 08-0348 MCA/WPL

DOÑA ANA COUNTY, ET AL.,

    Defendants.

**ORDER DENYING REQUEST FOR LEAVE
TO FILE ADDITIONAL INTERROGATORIES**

THIS MATTER comes before me on Plaintiff Johnathan D. Wishneski's Request for Leave to File Additional Interrogatories on Defendant Jose Rosales. (Doc. 287.) Wishneski made this request orally during the Initial Scheduling Conference, and I denied the request. (Doc. 283.) I adopted the Joint Status Report filed by the parties (Doc. 284), which set the number of interrogatories at twenty-five (25) for each defendant (Doc. 280 at 9).

The Federal Rules of Civil Procedure set a presumptive limit of twenty-five interrogatories per defendant. FED. R. CIV. P. 33(a)(1). This limitation was enacted in 1993 in order to "reduce the frequency and increase the efficiency of interrogatory practice." FED. R. CIV. P. 33 advisory committee's note (1993 amends.). The court must scrutinize any request to exceed the presumptive limitation to ensure that the parties are able to obtain needed discovery without excessive use of costly and burdensome interrogatories. *Id.* This District's local rules assist the court in scrutinizing such a request by requiring that the party set forth the specific additional interrogatories and explain why each is necessary. D.N.M.LR-Civ. 26.5(b).

1

In his request, Wishneski does not explicitly state what additional interrogatories he believes are necessary or why he cannot obtain the necessary discovery within the twenty-five interrogatory limit. *See* D.N.M.LR-Civ. 26.5(b). He simply states that twenty-five interrogatories will be insufficient "[b]ecause of [Rosales'] medical background and the issues in this case . . . ." (Doc. 287 at 2.) Wishneski has not shown the required justification to exceed the limitation, and his request is therefore denied.

IT IS SO ORDERED.

                                                                                                  _William P. Lynch_
                                                                                                  William P. Lynch
                                                                                                  United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.