# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

    Plaintiff,

v.                                          CV 08-0348 MCA/WPL

DOÑA ANA COUNTY, et al.,

    Defendants.

## ORDER GRANTING MOTION TO COMPEL

Defendant Doña Ana County has filed a Motion to Compel Plaintiff Johnathan D. Wishneski to provide discovery about a witness who allegedly visited Wishneski during his incarceration. (Doc. 322.) Doña Ana County subsequently supplemented its Motion with additional documentation. (Doc. 326.) Wishneski responded to the Motion with objections (Doc. 327), and Doña Ana County replied. (Doc. 330.) After considering the Motion, all responsive briefing, and the relevant law, I find that there is good cause for this Motion and order that it be granted.

Wishneski filed suit alleging a plethora of claims against numerous defendants in March of 2008. (Doc. 1.) He has four remaining claims, one of which is a claim that he was denied meaningful visitation with his infant child due to the Detention Center's video visitation policy. (Doc. 256 at 14-17.) Doña Ana County has repeatedly requested contact information for the mother of Wishneski's infant child, who Wishneski alleges visited him along with their child. (Doc. 322 at 2-3; *see also* Doc. 322 Ex. A at 1; Doc. 322 Ex. B at 1; Doc. 322 Ex. C at 2-3; Doc. 322 Ex. D at 1.) It asserts that the mother is "the only witness to (1) the fact of any family visitation to Plaintiff of any kind, and (2) the nature, extent and duration of the harm allegedly suffered by Plaintiff due

1

to the nature of the video visitation system." (Doc. 322 at 5; *see also* Doc. 330 at 2-3.) While Wishneski initially agreed to provide the contact information for the mother (*see, e.g.*, Doc. 322 Ex. 3 at 3), he has since refused to do so. (Doc. 322 Ex. F; Doc. 327.)

In response, Wishneski states that Doña Ana County appears to be raising as a defense that the visits did not happen "out of the blue . . . ." (Doc. 327 at 1.) He argues that he should not have to provide the mother's contact information because (1) the two are "barely on speaking terms . . ."; (2) he does not know her exact address; (3) Doña Ana County should have her contact information from her visits; (4) she is not relevant to the legal issue of whether the video visitation policy is constitutional; (5) she cannot offer testimony on how the visitation affected their daughter; (6) she has requested that Wishneski not get her involved in this suit; and (7) he will continue to refuse to provide her contact information even if ordered to do so, and an injustice will result if he cannot proceed with this claim. (Doc. 327 at 2-4.)

The scope of permissible discovery is quite broad. A party is entitled to seek discovery as to "any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." FED. R. CIV. P. 26(b)(1). Wishneski has recognized that Doña Ana County appears to be raising the issue of whether he in fact visited with his infant child and the mother as a possible defense. Whether or not he actually visited with the child and any damage that resulted from the video visitation are questions that are clearly relevant to his case. *See Lippoldt v. Cole*, 468 F.3d 1204, 1220 (10th Cir. 2006) (citing *Dill v. City of Edmond*, 155 F.3d 1193, 1209 (10th Cir. 1998)) ("Plaintiffs must demonstrate 'actual injury' to recover damages under Section 1983 for violation of their constitutional rights.").

While this proceeding is technically exempt from initial disclosures, *see* FED. R. CIV. P. 26(a)(1)(B), Wishneski did provide the Defendants with initial disclosures. (*See* Doc. 281.) One of the required disclosures is "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ." FED. R. CIV. P. 26(a)(1)(A)(I). This specified disclosure highlights the relevance of the information that Doña Ana County is requesting here. Therefore, I find that the information sought is relevant and discoverable.

Wishneski also objects based on an assertion that Doña Ana County should already have the mother's contact information. Essentially, he asserts that the discovery sought is cumulative, duplicative, or can be obtained more easily from another source. *See* FED. R. CIV. P. 26(b)(2)(C)(i). However, Doña Ana County states that it has no record of Wishneski being visited by anyone other than his counsel, and it has provided a record containing all recorded information about Wishneski's visits. (Doc. 322 at 3; Doc. 326 Exs. A & H.) Doña Ana County does not have the mother's contact information, and Wishneski asserts that she has since relocated. (Doc. 327 at 2.) I find that the information is neither cumulative nor duplicative and that Wishneski has the easiest access to this information.

The remainder of Wishneski's objections relate to the discomfort that Wishneski feels about involving the mother of his child in this action. While I understand Wishneski's concerns, I also recognize that the mother of his child became involved because of the claims that Wishneski himself brought. Wishneski is required to provide all information that is relevant to or that may lead to information that is relevant to his asserted claims. This includes any information that may assist Doña Ana County in its efforts to contact the mother of Wishneski's daughter, Caighly.

Accordingly, I order that Wishneski provide Doña Ana County with information about the

3

mother of his child.  This includes her full name, phone number, last known address, and anything known of her current address.  He is ordered to provide this information to Doña Ana County by **April 25, 2011**.

Wishneski has indicated that he will not comply with my order.  (*See* Doc. 327 at 3.)  **I warn Wishneski that failing or refusing to provide the information ordered will result in the imposition of sanctions against him**.  These sanctions could include an order that certain facts be taken as established, that Wishneski cannot support or oppose certain claims, staying the proceedings until the order is obeyed, dismissing the action completely or partially, rendering a default judgment against Wishneski, or treating the failure to obey as a contempt of court.  FED. R. CIV. P. 37(B).

Where a motion to compel is granted, the court generally must order the payment of "the movant's reasonable expenses incurred in making the motion, including attorney's fees."  FED. R. CIV. P. 37(a)(5).  An order of payment is not required where the motion was filed prior to a good faith attempt to obtain discovery without court action, the nondisclosure was substantially justified, or "other circumstances make an award of expenses unjust."  *Id.*  Because Wishneski is incarcerated, *pro se*, and indigent, I find that an award of expenses would be unjust.  Therefore, I decline to order the payment of the expenses incurred by Doña Ana County.

IT IS SO ORDERED.

                                                                                                        _____
                                                                                                        William P. Lynch
                                                                                                        United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.