# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN D. WISHNESKI,

    Plaintiff,

v.                                                                                     CV 08-0348 MCA/WPL

DOÑA ANA COUNTY, et al.,

    Defendants.

## ORDER GRANTING MOTION TO COMPEL

    The Defendants in this matter have filed a Motion to Compel requesting that Plaintiff Johnathan D. Wishneski be ordered to answer questions about his allegations of emotional distress in a separate lawsuit that arose from his incarceration at Southern New Mexico Correctional Facility. (Doc. 344.) Wishneski responded to the Motion and argued that he should not be forced to discuss the other matter (Doc. 346), and the Defendants replied (Doc. 350). Upon consideration of the Motion, all responsive briefing, and the relevant law, I find that there is good cause for this Motion and order that it be granted.

    Wishneski filed suit in March of 2008 against numerous Defendants. (Doc. 1.) After extensive court review, four of Wishneski's claims against six Defendants remain pending. (Doc. 256 at 46; Doc. 267 at 8.) As relief for his claims, Wishneski seeks, among other things, monetary damages for pain and suffering. (Doc. 1 at F-21.)

    During discovery in this matter, the Defendants twice asked Wishneski to reveal whether he has been a party to any other lawsuit or administrative proceeding either before or after this suit was filed. (Doc. 344 at 1, Ex. A; Doc. 350 Ex. A at p. 196 ll. 5-22.) Wishneski responded that he has not.

1

(*Id.*) The Defendants learned that Wishneski has in fact initiated two other state court proceedings, *Wishneski v. Montoya, et al.*, D-101-CV 2009-2306 (N.M. Dist. Ct. July 21, 2009) and *Wishneski v. GEO Inc., et al.*, CV 2010-21 (N.M. Dist. Ct. Jan. 7, 2010). (Doc. 344 at 2-3, Ex. B, Ex. C.) *GEO Inc.* involved a request for injunctive relief, and so presumably Wishneski did not seek damages. (Doc. 344 Ex. C at 1.) In *Montoya*, on the other hand, Wishneski explicitly requested "compensatory, exemplary, and punitive damages" because he was "severely prejudiced, harassed, humiliated, suffered emotional, and psychological distress . . ." due to the conduct of those defendants. (Doc. 344 Ex. B at 6.) After learning about these lawsuits, the Defendants requested that Wishneski sit for a second deposition. (Doc. 344 at 3.) Wishneski agreed but, during the deposition, refused to answer any questions about the substance of these other lawsuits or about the damages that he claimed to suffer due to the conduct at issue in the other lawsuits. (*Id.* at 3, Ex. D.)

The Defendants seek an order compelling Wishneski to respond to their questions about the *Montoya* lawsuit, including his allegations of emotional distress due to those defendants' conduct and any treatment related to that emotional distress. (Doc. 344 at 6.) They assert that the information sought meets the broad standard of relevance provided by Federal Rule of Civil Procedure 26. (*Id.* at 4-5.) Furthermore, they contend that because Wishneski has put his emotional condition at issue in this case, they may seek discovery related to his emotional condition. (*Id.* at 5.) Finally, they urge that Wishneski's current mental state and any causative factors are relevant to both Wishneski's claims and their defenses. (*Id.*)

Wishneski's position is that he should not be required to respond to questions regarding his claims in the other lawsuits. (Doc. 356.) He makes several arguments to support that contention, including that (1) *GEO Inc.* involved a request for injunctive relief rather than a claim for damages, (2) the lawsuits have not "been pled with the Defendants in that case", (3) the lawsuits were filed

after the case at hand, (4) he has provided a medical release for all New Mexico Department of Corrections medical and psychological records, (5) the Defendants are not qualified to evaluate his mental condition and have identified no expert witness qualified to do so, and (6) the discovery sought is not relevant to this case. (Doc. 346 at 2-5.)

As I have stated in granting a previous Motion to Compel (Doc. 333 at 2), the scope of allowable discovery is quite broad. *See* FED. R. CIV. P. 26(b)(1). Where a plaintiff chooses to seek damages for emotional distress, the defendants are permitted to admit evidence of alternate or multiple causes of the distress. *York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 957-58 (10th Cir. 1996). Significantly, the inquiry regarding whether evidence is discoverable is less rigorous than the inquiries as to whether evidence is admissible at trial. *Compare* FED. R. CIV. P. 26(b)(1) *with, e.g.*, FED. R. EVID. 401 & 403. Certainly, the possibility that a plaintiff's alleged emotional injuries stem from an event or series of events that transpired after the conduct at issue is relevant to a potential defense. *See Smith v. United Salt Corp.*, No. 1:08CV00053, 2009 WL 2929343, at *6 (W.D. Va. Sept. 9, 2009); *Victoria W. v. Larpenter*, No. Civ.A. 00-1960, 2001 WL 674156, at *1-2 (E.D. La. June 14, 2011); *Doe v. City of Chula Vista*, 196 F.R.D. 562, 569 (S.D. Cal. 1999).

In regard to Wishneski's other objections, I, like the Defendants, am unsure what Wishneski means when he says that the lawsuits were not "pled with the Defendants in that case." (Doc. 356 at 2.) It is irrelevant whether or not the *Montoya* defendants are aware of Wishneski's complaint; the important point is that Wishneski has claimed that he suffered emotional damages in a separate event or series of events than those at issue in this case. The fact that the *Montoya* lawsuit was filed after this case is also irrelevant to the discovery inquiry. Likewise, the fact that the Defendants do not have qualifications to evaluate Wishneski's mental condition has no bearing on whether the information is discoverable. Finally, though Wishneski may have provided an alternate means to

access similar information, the information sought by the Defendants is clearly different from that available in his medical records – they seek a description from Wishneski himself about the emotional harm he claims to have suffered because of the conduct alleged in *Montoya*. Wishneski may not decide the manner in which the Defendants may seek discoverable information.

I conclude that this information is relevant and discoverable. *See* FED. R. CIV. P. 26(b)(1). Wishneski shall respond to all of the Defendants' questions regarding his allegations of emotional distress in the *Montoya* lawsuit.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.