IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNATHAN WISHNESKI,

    Plaintiff,

vs.                                                                                             No. CIV. 08-0348 MCA/WPL

JUSTIN PORTER,

    Defendant.

**COURT'S FINDINGS OF FACT AND**
<u>**CONCLUSIONS OF LAW**</u>

This matter came before the Court for a bench trial on August 8, 2011, Plaintiff, Johnathan Wishneski, appearing pro se; Defendant, Lt. Justin Porter, appearing in person and through counsel, Daniel J. Macke, Esq. The Court, having considered the sworn testimony of witnesses, the portions of depositions offered in lieu of live testimony, the exhibits tendered by the parties and otherwise being fully advised, hereby enters its Findings of Fact and Conclusions of Law pursuant to Fed. Civ. P. Rule 52(a).

**FINDINGS OF FACT**

1.     Plaintiff was an inmate of the Dona Aña County Detention Center (DACDC) from April 26, 2007 to October 30, 2008.

2.     Defendant Porter was employed as an officer at DACDC during Plaintiff's confinement at DACDC, and at all material times was acting under color of state law.

3. Plaintiff filed his complaint in the present lawsuit on March 28, 2008; in his complaint and incorporated state habeas petition, Plaintiff challenged the conditions of his confinement.

4. On August 26, 2008, Plaintiff was moved from B-pod to booking following a verbal altercation with another inmate; as Plaintiff was escorted out of B-pod he was threatened by other inmates.

5. On August 27, 2008, Plaintiff was moved from booking into administrative segregation on the order of Defendant Porter.

6. As of August 27, 2008, Defendant Porter was not aware that Plaintiff had filed the present lawsuit complaining of his conditions of confinement.

7. The testimony of Defendant Porter and DACDC Director Chris Barela was credible.

8. Defendant Porter's decision to place Plaintiff in administrative segregation was based on concerns about Plaintiff's safety that were objectively reasonable in view of the totality of the information available to him.

9. Plaintiff's exercise of his constitutional rights by filing grievances, a state habeas petition, and the present lawsuit was not considered by Defendant Porter in deciding to move Plaintiff into administrative segregation.

10. Plaintiff's evidence that Defendant Porter stated to Plaintiff that "I'm not talking to you, I'm going to continue to treat you cruelly, unfairly, and violate your civil rights" is not credible.

11.     Defendant Porter did not say to Plaintiff "I'm not talking to you, I'm going to continue to treat you cruelly, unfairly, and violate your civil rights."

12.     After Plaintiff had been transferred to administrative segregation, and for the remainder of Plaintiff's confinement at DACDC, a committee consisting of a classification officer, Lt. Porter, and a captain conducted weekly reviews to consider whether continued confinement of Plaintiff in administrative segregation was warranted.

13.     The decisions to continue Plaintiff's confinement in administrative segregation were based on objectively reasonable concerns about Plaintiff's safety, Plaintiff's refusal to be forthcoming about Plaintiff's conflicts with other inmates, Plaintiff's violation of the rules of the facility, and disciplinary infractions Plaintiff committed while in administrative segregation.

14.     Plaintiff's exercise of his constitutional rights by filing grievances, his state habeas petition, and the present lawsuit was not considered by the classification committee in deciding to continue Plaintiff's confinement in administrative segregation.

15.     During Plaintiff's confinement in administrative segregation he continued to freely exercise his right of access to the courts as demonstrated by numerous filings in the present lawsuit.

**CONCLUSIONS OF LAW**

1.     The Court has jurisdiction over the parties and the subject matter of this action.

2.     A claim of retaliation for the exercise of constitutional rights requires proof (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from

continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.  *Shero v. City of Grove, Oklahoma*, 510 F.3d 1196, 1203 (10th Cir. 2007) (citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000)).

3. Plaintiff's filing of grievances, his state habeas petition, and the present lawsuit were constitutionally protected activities. *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990);  *Purkey v. Green*, 28 Fed. Appx. 736, 745-46 (10th Cir. 2001).

4. Plaintiff has failed to establish by a preponderance of the evidence that Defendant Porter's decision to place Plaintiff in administrative segregation was substantially motivated as a response to Plaintiff's exercise of constitutional rights, including his filing of grievances, a state habeas petition, and the present lawsuit.

5. Plaintiff has failed to establish by a preponderance of the evidence that the decisions to continue Plaintiff's confinement in administrative segregation were substantially motivated as a response to Plaintiff's exercise of constitutional rights, including the filing of grievances, a state habeas petition,  and the present lawsuit.

6. Plaintiff has failed to establish by a preponderance of the evidence an essential element of his retaliation claim–*i.e.*, that Defendant Porter's decision to place Plaintiff in administrative segregation and the subsequent decisions to continue Plaintiff's confinement in administrative segregation were substantially motivated as responses to Plaintiff's exercise of constitutional rights, including Plaintiff's filing of grievances, a state habeas petition, and the present action.

7. The decision to place Plaintiff in administrative segregation was made for legitimate, non-retaliatory reasons.

8. Plaintiff has failed to establish that Defendant Porter violated Plaintiff's constitutional rights.

9. Defendant Porter did not retaliate against Plaintiff.

10. Defendant is not entitled to damages.

11. Defendant Porter is entitled to judgment in his favor on Plaintiff's claim of retaliation.

**IT IS THEREFORE HEREBY ORDERED** that judgment be and hereby is entered in favor of Defendant Justin Porter.

**IT IS FURTHER ORDERED** that Defendant Porter recover his costs.

**IT IS FURTHER ORDERED** that Plaintiff's claim against Defendant Porter be and hereby is dismissed with prejudice.

So Ordered this 17th day of January, 2012.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE